IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Andre Richardson, | ) | Case No. 2:23-cv-00818-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Levern Cohen, Warden of Ridgeland | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254.  This matter is before the Court on Respondent's motion for summary judgment. [Doc. 13.]  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings.

On January 26, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Respondent's motion for summary judgment be granted. [Doc. 23.]  The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Petitioner filed objections to the Report on February 9, 2024 [Doc. 25], and Respondent filed a reply to the objections on February 22, 2024 [Doc. 28].

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## DISCUSSION

The Magistrate Judge recommends granting Respondent's motion for summary judgment because each of Petitioner's grounds for relief fails on the merits. [Doc. 23.] In his habeas petition, Petitioner raises two grounds for relief, which the Court quotes substantially verbatim:

> **Ground One**: The South Carolina courts' failure to grant relief on Petitioner's motion for directed verdict on his murder charge despite the insufficiency of the evidence violated his right to due process under the Fourteenth Amendment of the United States Constitution, and was therefore contrary to, or an unreasonable application of, clearly established federal law.
>
> **Ground Two**: The PCR court erred in finding that trial counsel was not ineffective for failing to move to suppress or object to the testimony and argument that Petitioner refused to consent to both a warrantless search of his car and a GSR test of his hands in violation of Petitioner's rights under the Fourth, Sixth, and Fourteenth Amendments.

[Doc. 1 at 11, 15.]

**Ground One**

Because Ground One relates to the sufficiency of the evidence against Petitioner, the Magistrate Judge found a review of the evidence instructive and conducted a thorough review of the evidence from Petitioner's underlying case in her Report.  [Doc. 23 at 8–17.] As such, the Court will not repeat it here.  After reviewing the evidence against Petitioner, the Magistrate Judge concluded that the state court did not err in its consideration of Petitioner's directed verdict motion and, therefore, Petitioner has not shown that the state court's ruling was contrary to or an unreasonable application of federal law or was based on an unreasonable determination of the facts before it as required under 28 U.S.C. § 2254(d)(1),(2).  [*Id*. at 18–19.]

In his objections, Petitioner generally argues that the Post-Conviction Relief ("PCR") court's "adjudication of [Ground One] was unreasonable."[1]  [Doc. 25 at 3.] Petitioner argues that both the state court and the Magistrate Judge "seem to be benefiting from a kind of hindsight stemming from the fact Petitioner was convicted."  [*Id*.] He argues that the evidence at trial was limited to "weak circumstantial evidence" that "is not sufficient to satisfy the State's strict and heavy burden of proving Petitioner's guilt beyond a reasonable doubt."  [*Id*. (internal quotation marks omitted).]

The Magistrate Judge correctly explained in the Report that a petitioner is only entitled to relief "if no rational trier of fact could have found proof of guilt beyond a reasonable doubt" and that where there are conflicting inferences, this Court must

---

[1] The trial court's denial of Petitioner's directed verdict motion was not an issue raised to or addressed by the PCR court.  [*See generally* Doc. 12-4 at 40–66, 72–126.]  For the purposes of this Order, the Court will treat Petitioner's references to the "PCR court" in his objections to the Report's findings and recommendation on Ground One as referring to the state trial court.

presume that the jury resolved such conflicts in the State's favor when the State prevailed at trial. [Doc. 23 at 17–18 (internal quotation marks omitted).] The Magistrate Judge then indicated that the evidence at Petitioner's trial would have allowed a reasonable factfinder to find him guilty. [*Id*. at 18–19.] Specifically, the Magistrate Judge noted that at trial, the State presented evidence undermining Petitioner's varying statements to law enforcement, various witnesses who undercut Petitioner's stories and saw Petitioner's car driving in the area of the murder at the time of the murder, evidence showing the Petitioner had the means and opportunity to obtain the murder weapon, and evidence that Petitioner used his grandfather's bank account to make a car payment after he had died. [*Id*. at 18.]

The Court finds that the Magistrate Judge relied on the correct applicable law and that the evidence presented at trial allowed a reasonable trier of fact to find Petitioner guilty of murder. Thus, the Court overrules Petitioner's objections as to Ground One.

**Ground Two**

After conducting a "doubly deferential"[2] review of the PCR court's findings as to Ground Two, the Magistrate Judge concluded that "the state court's rejection of Petitioner's claim of ineffective assistance of counsel is not contrary to, or an unreasonable application of, clearly established federal law, nor was the state court's decision based on an unreasonable determination of the facts." [Doc. 23 at 23.]

---

[2] This Court's review of a state court's adjudication of the merits of an ineffective assistance of counsel claim is highly deferential to counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), and highly deferential to state courts under 28 U.S.C. § 2254(d). *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

In his objections, Petitioner asserts that "[t]he R&R and the PCR court's decisions are based on an unreasonable reading of the lower court record," arguing that the PCR court incorrectly rationalized trial counsel's failure to object as a strategic decision and "gloss[ed] over" the "prejudicial nature of the State's repeated reliance" on Petitioner's refusal to consent to a search of his car and a GSR test of his hands.  [Doc. 25 at 5–6.]

Under the Sixth Amendment, Petitioner, as a criminal defendant, had a right to effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The Magistrate Judge correctly explained that in an ineffective assistance of counsel claim, the question is "not whether counsel's actions were reasonable, but whether there is any reasonable argument that [Petitioner's] counsel satisfied *Strickland*'s deferential standard." [Doc. 23 at 21 (alteration in original) (internal quotation marks omitted).]   The Magistrate Judge found that the PCR court correctly determined that Petitioner could not meet either prong of the *Strickland* test.

Petitioner first argues in his objections that the PCR court's finding that trial counsel's failure to object was a strategic decision was "an unsubstantiated assumption as trial counsel's first mention of the refusal *comes after the State first brought the refusal up*." [Doc. 25 at 5.]  Essentially, Petitioner seems to argue that because Petitioner's trial counsel did not strategically elicit testimony about the car search and GSR test until *after* the State had already elicited the testimony, trial counsel's decision not to object to this testimony was not strategic.  [*Id*.]  This argument misrepresents the PCR court's findings and confuses the issues.  The PCR court found that trial counsel strategically chose not to object to the State's introduction of testimony about Petitioner's refusal to consent in order to use this testimony later in the case to support his trial theme that law enforcement

5

had no forensic evidence in this case. [Doc. 12-4 at 119–21.] Moreover, the PCR court noted that trial counsel elicited testimony that a GSR test would have had no evidentiary value because law enforcement did not attempt to obtain it until 11 hours after the gun shot but a GSR test must be completed within six hours of a gunshot to be accurate. [*Id.* at 120–21.] And, the PCR court noted that Petitioner's "refusal to consent to a vehicle search was cured by law enforcement processing his vehicle numerous times without any evidence being found. [*Id.* at 121.]

Additionally, Petitioner argues in his objections that trial counsel's failure to object was prejudicial to his case, maintaining that "the R&R and the PCR court again gloss over the real impact and prejudicial nature of the State's repeated reliance on the Petitioner's *lawful* refusal to consent to searches." [Doc. 25 at 6.] As the Magistrate Judge correctly found, there is no evidence that the State *repeatedly* relied on this testimony—or even that it relied on it at all—to prove its case against Petitioner. [Doc. 12-4 at 121–24; Doc. 23 at 25–26.] The PCR court determined that the State had ample evidence with which to convict Petitioner and did not rely on the testimony regarding Petitioner's refusal to consent to the searches. [*Id.* (finding that the State's case focused on disproving Petitioner's multiple statements to law enforcement and the circumstantial evidence placing him at the murder scene with access to the murder weapon, not his refusal to consent to the searches).]

The Court finds that the Magistrate Judge relied on the correct applicable law and that the PCR court's determination was based on a reasonable determination of the facts. Thus, the Court overrules Petitioner's objections as to Ground Two.

**CONCLUSION**

For the reasons discussed, Petitioner's objections to the Magistrate Judge's findings and recommendations as to both Ground One and Ground Two are overruled. The Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, Respondent's motion for summary judgment [Doc. 13] is GRANTED and the § 2254 petition [Doc. 1] is DENIED.

**CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A petitioner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Slack v. McDaniel*, 529 U.S. 473 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

In this case, the Court agrees with the Magistrate Judge that the legal standard for the issuance of a certificate of appealability has not been meet. Therefore, a certificate of appealability is denied.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

April 9, 2024
Greenville, South Carolina

7